1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOSRO GH-KHOEE, | CASE NO. 11-CV-1954 JLS (WMC) |
| Plaintiff, | **ORDER GRANTING DEFENDANT WELLS FARGO BANK'S MOTION TO DISMISS** |
| vs. | |
| | (ECF No. 3) |
| WELLS FARGO BANK, NATIONAL ASSOCIATION; FIRST AMERICAN LOANSTAR SERVICES, LLC; et al., | |
| Defendants. | |

Presently before the Court is Defendant Wells Fargo Bank's ("Wells Fargo") motion to dismiss Plaintiff's Complaint.  (MTD, ECF No. 3.)  Also before the Court are Plaintiff Khosro Gh-Khoee's opposition (Opp'n, ECF No. 6), and Wells Fargo's reply (Reply, ECF No. 5).  Having considered the parties' arguments and the law, the Court **GRANTS** Defendant's motion to dismiss for the reasons discussed below.

//

//

**BACKGROUND**[1]

On July 8, 2005, Plaintiff Khosro Gh-Khoee obtained two loans from Wells Fargo, secured by a Deed of Trust (*see* Ex. A to MTD) on real property located at 1473 Nettle Creek Way, Chula Vista, California 91915 ("the Property").  At the time the loan was originated, the trustee was Fidelity National Title Insurance Company, but later Wells Fargo substituted Defendant First American Trustee Servicing Solutions, LLC ("First American") as trustee.  (Substitution of Trustee, Ex. E to MTD.)  The primary loan was in the amount of $735,000, and the secondary loan was for $52,500.  These were 30-year, 10-year interest only, adjustable rate loans.  Plaintiff alleges agents of Wells Fargo conspired against him, using a "stated income" instead of Plaintiff's real income to process the loans without his knowledge and without informing him of the risks of such actions, instead deceiving him into believing he could afford the loan.

Plaintiff began to fall behind on his payments, and on September 22, 2010, a Notice of Default (*see* Ex. B to MTD) was recorded by Defendants.  At that time, Plaintiff was $28,000 in arrears on his loan payments.  Plaintiff alleges he repeatedly attempted to refinance or modify the loan terms with Defendants to no avail.  Plaintiff contends such refusal to modify his loans violates Defendants' agreement to be bound by the requirements of the Home Affordable Modification Program ("HAMP") in accepting money under the Troubled Asset Relief Program ("TARP").  The Court has taken judicial notice of the Servicer Participation Agreement for HAMP participants under the Emergency Economic Stabilization provided by Wells Fargo.  (Ex. D to MTD.)

On December 23, 2010, a Notice of Trustee's Sale (*see* Ex. C to MTD) was recorded, listing January 13, 2011 as the date the Property would be sold at auction.  The sale date was later postponed to September 7, 2011.  Plaintiff filed his Complaint in state court on June 30, 2011, alleging seventeen causes of action related to the loan and attempted foreclosure on the Property.  On July 21, 2011, Defendant First American filed a Declaration of Non-Monetary Status pursuant to Cal. Civil Code § 2924, to which Plaintiff did not object as of August 5, 2011, the end of his

---

[1] Unless otherwise noted, all facts in the Background section are taken from Defendants' Notice of Removal (Notice of Removal, ECF No. 1) and Plaintiff's Complaint (Ex. A to Notice of Removal, ECF No. 1-1).  The Court takes also judicial notice under Federal Rule of Evidence 201, of the public documents attached to Wells Fargo's Motion to Dismiss, as referenced in this Background section.  (Exs. A-E to MTD.)

1  statutory window to do so.  Defendant Wells Fargo removed the action to this Court on August 25,

2  2011 based on diversity jurisdiction.  As of the date of Wells Fargo's motion to dismiss, on

3  November 17, 2011, it appears the Property had not yet been sold at a trustee's sale.  (*See* MTD

4  13.)

5  **LEGAL STANDARD**

6  Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

7  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

8  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

9  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

10 statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

11 require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

12 defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

13 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's

14 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

15 conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,

16 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint

17 suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S.

18 at 678 (citing *Twombly*, 550 U.S. at 557).

19 "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

20 accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550

21 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled

22 "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

23 alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable,

24 but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Facts

25 "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.*

26 (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions"

27 contained in the complaint.  *Id.*  This review requires context-specific analysis involving the

28 Court's "judicial experience and common sense." *Id.* at 679 (citation omitted).  "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,
the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*
Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative
defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library
Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (internal quotations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court
determines that the allegation of other facts consistent with the challenged pleading could not
possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend.
*See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## ANALYSIS

Wells Fargo argues that Plaintiff's allegations fail to state any claims upon which relief can
be granted, in violation of Federal Rule of Civil Procedure 12(b)(6). In addition, Wells Fargo
points to other legal insufficiencies of various claims. Plaintiff does not oppose the dismissal of
his fourth, ninth, tenth, eleventh, twelfth, fourteenth, and fifteenth causes of action. (Opp'n 5.)
Accordingly, those claims are **DISMISSED WITH PREJUDICE**. Plaintiff also requests leave to
amend the first and thirteenth causes of action. (*Id.* at 4-5, 9.) The Court finds those claims are
properly **DISMISSED WITHOUT PREJUDICE** and with leave to amend, as described in the
Conclusion of this Order. As to the other remaining claims, the Court agrees with Wells Fargo that
these should also be dismissed for the reasons discussed below.

### 1. Violations of California Civil Code

Plaintiff's fifth and sixth claims are brought under California Civil Code sections 1916.7,
1920, and 1921, which address adjustable rate loan terms and disclosures. In these claims,
Plaintiff challenges Defendants' failure to "reasonably consider whether or not Plaintiff would be
able to meet his mortgage obligations," and related failure to fully inform him of the "pros and
cons" of adjustable-rate loans based on a stated income. (Compl. ¶¶ 64, 72.) Specifically, Plaintiff
alleges Defendants violated Cal. Civ. Code § 1920 by "failing to meet the requirements of

mortgage instrument" set forth in that section, failed to properly disclose information in connection with a mortgage instrument as required by Cal. Civ. Code § 1921, and violated Cal. Civ. Code § 1916.7 by "failing to provide the disclosure notice required by section 1916.7 in a timely manner." (Compl. ¶¶ 62, 71.) As currently pled, these claims are time-barred.

Plaintiff's claims are based upon the origination of his loan in July 2005. Thus, these claims, filed almost six years later, on June 2011, were brought well outside of the applicable statutory periods.[2] Although Plaintiff asserts he is entitled to equitable tolling of the statute of limitations under the "discovery rule," this argument must fail as Plaintiff has not pled any facts consistent with delayed discovery. (*See* Opp'n 8.) At the most basic level, Plaintiff has not even stated when he "discovered" the factual basis for these claims. Further, to rely upon a claim of delayed discovery, a plaintiff must allege facts showing that he could not have discovered the crucial facts earlier. *See Pedersen v. Greenpoint Mortgage Funding, Inc.*, 2011 WL 3818560, at *6 (E.D. Cal. Aug. 29, 2011). Based on the allegations in the Complaint, Plaintiff's statutory claims are not entitled to equitable tolling, and are accordingly time-barred.

Additionally, Wells Fargo argues persuasively that federal regulations on disclosures for adjustable rate mortgage loans preempt the conflicting provisions of Cal. Civ. Code §§ 1916.7, 1920, and 1921, which require a different set of disclosures from those required by federal law. (MTD 12; Reply 8.) The National Bank Act, 12 U.S.C. § 21 et seq., specifically authorizes a national bank to "make, arrange, purchase, or sell loans or extensions of credit, or interests therein, that are secured by liens on, or interests in, real estate (real estate loans)." 12 C.F.R. § 34.3. These real estate loans may be made "without regard to state law limitations concerning . . . [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents." 12 C.F.R. § 34.4(a)(9). Further, through the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 et seq., Congress created a "nationwide system of federal savings

---

[2] Claims brought under Cal. Civ. Code § 1916.7 are subject to the one-year statute of limitations provided by Cal. Civ. Code § 1916-3, while the four-year "catchall" statute of limitations, Cal. Civ. Proc. Code § 343, applies to claims brought under Cal. Civ. Code §§ 1920 and 1921.

1   and loan associations to be centrally regulated according to nationwide 'best practices'" as

2   governed by regulations promulgated by the Office of Thrift Supervision ("OTS").  *Silvas v.*

3   *E\*Trade Mortg. Corp.*, 514 F.3d 1101, 1005 (9th Cir. 2008) (citing 12 U.S.C. § 1464).  One such

4   regulation provides that "OTS hereby occupies the entire field of lending regulation for federal

5   savings associations" and states that such organizations "may extend credit as authorized under

6   federal law, including this part, without regard to state laws purporting to regulate or otherwise

7   affect their credit activities . . . ."  12 C.F.R. § 560.2(a).  These OTS regulations have "no less

8   preemptive effect than federal statutes," *Silvas*, 514 F.3d at 1105, and specifically list "terms of

9   credit" and "disclosure and advertising" as types of state laws preempted.  *See* 12 C.F.R.

10  § 560.2(b).

11         Pointing to these federal authorities, courts have found California's statutory disclosure

12  requirements preempted by federal law, at least as applied to a national bank such as Wells Fargo.

13  *See Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 911-12 (C.D. Cal. 2009); *Acosta v.*

14  *Wells Fargo Bank*, 2010 WL 2077209, at \*6 (N.D. Cal. May 21, 2010).  Plaintiff has not contested

15  that Wells Fargo is a national organization regulated by the National Bank Act or by HOLA,

16  instead arguing merely that Wells Fargo has made no "concrete factual showing the loan was made

17  exclusively subject to federal law."  (Opp'n 8.)  Plaintiff will be allowed the opportunity to amend

18  his Complaint to allege that Defendants are not regulated by HOLA or other federal laws which

19  otherwise preempt these claims, and to show why his claims are not time-barred.

20  **2.  Claim for Declaratory Relief**

21         In Plaintiff's second claim for declaratory relief, he alleges Defendants do not have the

22  right to foreclose on the Property because First American has never possessed the original

23  Promissory Note, is not a named beneficiary, and thus has no power of sale, and consequently

24  requests the Court

25         find that the purported power of sale contained in the Deed of Trust is of no force and
       effect because Defendants' security interest in the Subject Property has been rendered
26     void.  Plaintiff further requests that the title to the Subject Property be re-conveyed
       to Plaintiff upon such transfer of title, because of the fraud that was perpetrated
27     against the Plaintiff.  Plaintiff further requests that this Court find that the Defendants
       were not the holders in due course of the Promissory Note, nor were they the duly
28     appointed and recorded trustee at the time of the foreclosure.  The original trustee on
       the note and Deed of Trust is listed as Fidelity National Title Insurance Company on

1    the first loan.  At no time has [Wells Fargo], the beneficiary, ever recorded a
2    substitution of trustee naming current acting trustee/Defendant [First American] as
     trustee.

3    (Compl. ¶ 45.)  Wells Fargo argues this claim must be dismissed as a matter of law because

4    California does not require possession of the original note by the party filing the notice of default

5    or giving notice of sale, nor does it require the assignment of a beneficial interest in a loan to be

6    recorded prior to initiating a non-judicial foreclosure.  (MTD 7-9.)  Further, Wells Fargo argues

7    that this claim should be dismissed as duplicative of his other causes of action and as unnecessary

8    to afford the relief Plaintiff seeks.  (*Id*. at 9.)

9            The Court agrees with Wells Fargo that under California law, First American was not

10   required to possess the original note prior to commencing foreclosure proceedings.  *See* Cal. Civ.

11   Code § 2924(a) (describing the process whereby a foreclosure is commenced by the recording of a

12   notice of default and election to sell by the trustee).  Courts have consistently dismissed claims

13   such as these by plaintiffs asserting that a foreclosure is invalid because of the trustee's failure to

14   possess the original note or other failures of assignment to the trustee.  *See, e.g.*, *Quintero Family*

15   *Trust v. OneWest Bank, FSB,* 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2010) (rejecting a

16   wrongful foreclosure claim because producing an original note is not a prerequisite to foreclosure

17   in California); *Calderon v. Endres, APC*, 2009 WL 1953400, at *3 (S.D. Cal. July 7, 2009) ("[Cal.

18   Civ. Code § 2924, et seq.] does not require the entity initiating the foreclosure sale to provide

19   evidence to the borrower or a court establishing its right to do so, nor does it require that entity to

20   have possession of the note.").

21           Plaintiff has pointed to no requirement under California law, or any other authority, that

22   imposes a requirement upon First American to possess the original note before filing a notice of

23   default or trustee's sale.  Indeed, in his opposition Plaintiff seems to concede that possession of the

24   original note is not a prerequisite to initiating foreclosure proceedings in California, instead

25   focusing on the fact that "the deed of trust is not valid without the note."  (Opp'n 6.)  But in so

26   doing Plaintiff attempts to shift the claim he stated in the Complaint, and also states inconsistent

27   allegations, which are further not supported by legal authority.  Plaintiff's assertions are directly

28   contradicted by the Deed of Trust provided by Wells Fargo and judicially noticed by the Court,

1    establishing Wells Fargo as the lender, in combination with the Substitution of Trustee establishing

2    First American as the trustee.  Along the same lines, Plaintiff has provided the Court no reason to

3    hold that the assignment to First American as trustee was invalid.  As Wells Fargo points out, Cal

4    Civ. Code § 2932.5 requires recordation of an assignment only when the power of sale is "given to

5    a mortgagee or other encumberancer" in the security instrument, not when it is assigned to a trustee

6    under a Deed of Trust.  (*See* MTD 8.)

7         Accordingly, the factual allegations connected to this claim do not state a claim upon which

8    the Court could grant the relief Plaintiff requests.  Because Plaintiff may attempt to amend this

9    claim to state a viable cause of action for declaratory relief, the Court notes further that to the

10   extent any claim for declaratory judgment is grounded in allegations of fraud, it will be held to the

11   higher pleading standard set forth in Federal Rule of Civil Procedure 9(b).

12   **3. Claim for Accounting**

13        The third claim for accounting alleges that the true amount of money Plaintiff owes

14   Defendants is unknown, because "Defendants allege different figures for the payoff of the loan

15   than Plaintiff contends is owed."  (Compl. ¶ 51.)  As a result, Plaintiff states that he cannot be "in a

16   position to tender the true sum due to the factual note holder" without an accounting, and requests

17   a copy "of his entire loan servicing file, including the 'final' residential 1003 loan application used

18   by Defendants."  (*Id.* at ¶¶ 51-52.)

19        Under California law, a cause of action for an accounting is typically brought by a plaintiff

20   who seeks repayment from a debt allegedly owed by a defendant.  *See Hafiz v. Greenpoint Mortg.*

21   *Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009).  And, although an accounting "may

22   take the form of a legal remedy or an equitable claim," here Plaintiff has neither related his request

23   for an accounting to any cognizable claim in the Complaint nor provided any grounds to establish

24   equity jurisdiction for an accounting.  *Id.* ("A request for a legal accounting must be tethered to

25   relevant actionable claims . . . [or] demonstrate a fiduciary relationship between [the plaintiff] and

26   the defendant as well as refer to a sum owed to her by the defendant.")  Merely asserting that he

27   does not know the exact amount Defendants claim he owes them does not state a viable cause of

28   action for an accounting.  Accordingly, this claim is also properly dismissed.  Plaintiff will be

1  afforded the opportunity to amend his Complaint to state a claim for accounting in which he ties

2  the request directly to another viable claim or sufficiently explains in detail the equitable grounds

3  and legal authority for his request.

4  **4. Rescission, Cancellation, Quiet Title and Wrongful Foreclosure Claims**

5        Wells Fargo argues that Plaintiff's seventh, eighth, sixteenth, and seventeenth claims are

6  insufficiently pled due to Plaintiff's failure to allege he is presently ready, willing, and able to

7  tender the outstanding debt. (MTD 8; Reply 2, 9-10.) Plaintiff argues that tender is not required,

8  that such a bar is improper at the motion to dismiss stage, and that he cannot tender an amount in

9  dispute before the accounting he requests in the third claim is granted. (Opp'n 8-9.) Although

10 Plaintiff's arguments mostly miss the point, it is true that some courts have employed exceptions to

11 the tender rule that could apply here. But aside from lack of tender, each of Plaintiff's claims fail

12 for other reasons. In his opposition, Plaintiff does not respond to Wells Fargo's arguments

13 regarding the Complaint's other insufficiencies of pleading these claims, focusing instead entirely

14 on his argument against the tender requirement. (*See* Opp'n 8-9.) The Court first discusses the

15 tender rule below, then turns to Defendant's other reasons for dismissal of these claims.

16       In general, "[a] debtor in default cannot challenge a foreclosure unless he first makes a

17 credible offer to pay the amount owed." *Kariguddaiah v. Wells Fargo Bank*, 2010 WL 2650492, at

18 *2 (N.D. Cal. July 1, 2010). The rationale behind this "tender rule" is that a mortgagor cannot

19 ultimately obtain rescission or cancellation of a loan, quiet title against a mortgagee, or have a

20 wrongful foreclosure set aside without paying the debt secured. *See Mehta v. Wells Fargo Bank,*

21 *N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010) (Sammartino, J.); *Kozhayev v. America's*

22 *Wholesale Lender*, 2010 WL 3036001, at *4-5 (E.D. Cal. Aug. 2, 2010); *but cf. Storm v. America's*

23 *Servicing Co.*, 2009 WL 3756629, at *6 & n. 9 (S.D. Cal. Nov. 6, 2009) (finding tender was not

24 required at the pleading stage in a case where the plaintiff sought to set aside a trustee's sale on

25 grounds of mutual mistake). Plaintiff's assertion that he doesn't know the amount owed is not

26 credible, given that the record is replete[3] with references to the loan amount. And even if Plaintiff

27  

28     [3] *See, e.g.*, Deed of Trust (Ex. A to MTD), judicially noticed *supra* at 2 & n. 2, referencing the promissory note signed by Plaintiff and dated July 8, 2005, for the amount of $735,000.00 plus interest from that date; *see also* Notice of Trustee's Sale (Ex. C to MTD), judicially noticed, *supra* at 2 & n.

1    contests this amount, the tender rule requires him to offer full performance at the pleading stage.

2    *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 ("[A]n action to set aside a

3    trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay

4    the full amount of the debt for which the property was security.")  Although Plaintiff argues the

5    Court has discretion to waive the tender requirement, he fails to show how his allegations

6    constitute "other circumstances" that allow courts to exercise such discretion as set forth in *Storm*,

7    2009 WL 3756629, at *6 & n. 9.  *See Nicewander v. MTC Financial, Inc.*, 2012 WL 1185943, at

8    *3 (S.D. Cal. April 8, 2012) (citing *Storm* and requiring the plaintiff to allege specific

9    circumstances to justify the court's exercise of discretion in requiring tender).

10          However, the circumstances may nevertheless excuse Plaintiff's failure to offer full

11   performance.  Courts have held that the tender requirement does not apply when a plaintiff

12   challenges the beneficial interest held by the defendant, rather than the procedural process of the

13   foreclosure itself.  *See Johnson v. HSBC Bank USA, Nat'l Ass'n*, 2012 WL 928433, at *3 (S.D.

14   Cal. Mar. 19, 2012) (holding the tender requirement does not apply where the plaintiff "is not

15   challenging [the d]efendants' compliance with the foreclosure law, but is claiming that defendants

16   did not properly receive the assignment of their loan."); *Vogan v. Wells Fargo Bank, N.A.*, 2011

17   WL 5826016, at *7-8 (E.D. Cal. Nov. 17, 2011).  Indeed, enforcing such a requirement in

18   circumstances where the plaintiff challenges the defendant's claim to the debt would make little

19   sense—if a defendant truly has no legally enforceable beneficial interest in the property at issue,

20   then a plaintiff will not need to pay the debt secured in order to obtain a judicial declaration of that

21   fact.  *See Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) ("[I]f the action attacks the validity of

22   the underlying debt, a tender is not required since it would constitute an affirmative of the debt.")

23   The Court agrees with *Johnson* and *Vogan* that tender is not required in such circumstances.

24   Accordingly, given that the gravamen of Plaintiff's Complaint seems aimed at attacking the

25   validity of the debt and Defendants' interest in that debt, the Court declines to dismiss these claims

26   for Plaintiff's failure to plead tender, and turns instead to the other insufficiencies of these claims.

27

28   _____

2, stating the total amount of the unpaid balance at the time of the initial publication of the Notice of
Sale is $780,673.32.

1    Plaintiff's seventh claim for relief is for "Rescission/Cancellation."  Plaintiff alleges that

2  his consent to the loans was obtained by Defendants "through mistake and fraud by engaging in

3  deceptive practices as alleged herein."  (Compl. ¶ 78.)  Apparently, Defendants acted deliberately

4  to deceive him when they used a stated income, which they knew or should have known to be

5  false, to process his loan application, knowing his loan payments would exceed his actual total

6  income, and that Plaintiff was "not capable of understanding or comprehending the true cost of the

7  loan and which Defendants and each of them did fraudulently conceal from Plaintiff that Plaintiff

8  was at risk of losing his home."  (Compl. ¶ 79.)  It is unclear precisely what relief Plaintiff seeks

9  under this claim, as he requests to be restored "to a position he would have been in had Defendants

10 and each of them not engaged in the willful, intentional, and purposeful conduct herein alleged,"

11 but does not specify what that position might be.  (*See* Compl. ¶ 83.)  Indeed, it seems from

12 Plaintiff's Complaint that he seeks to keep the Property, free of any encumberances, without

13 returning the amount of the loan.  Retaining both the money and the house is a result for which

14 Plaintiff provides no legal justification, and the Court independently finds none.  Thus, Plaintiff

15 has not stated a viable claim for rescission or cancellation of the loans.

16   Plaintiff's eighth claim is for quiet title.  Plaintiff alleges that Defendants have no legal

17 right to the property, and asks the Court to issue a judicial declaration quieting the title of the

18 Property in the name of Plaintiff, disallowing the threatened foreclosure, and stopping any

19 subsequent unlawful transfer of title.  (Compl. ¶ 85.)  Quiet title claims may establish title against

20 adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020.  However, a

21 complaint alleging such a claim must be verified and include (1) a description of the property,

22 (2) the basis for plaintiff's title, (3) the adverse claim or claims to title, (4) the date as of which the

23 determination is sought, and (5) a prayer for determination of plaintiff's title against the adverse

24 claims.  *Id.* § 761.020.  Plaintiff's Complaint is missing several of these essential elements,

25 including the specific basis for Plaintiff's title and the date as of which the determination is sought.

26 Accordingly, Plaintiff has not pled a cognizable claim to quiet title.

27 //

28 //

Plaintiff's sixteenth and seventeenth claims allege wrongful foreclosure,[4] and present several reasons why Plaintiff asserts Defendants' foreclosure on the Property was wrongful. Plaintiff alleges Defendants owe him a duty "to utilize reasonable skill and diligence to conduct a foreclosure and foreclosure sale that is not illegal, fraudulent or willfully oppressive." (Compl. ¶ 152.) This duty was apparently breached because Defendants knew or should have known that the foreclosure was in violation of Cal. Civil Code §§ 2932.5 and 2934a(2)—specifically, "when recording the notice of Default and Notice of Sale, that there was no assignment of the Note and Trust Deed recorded by the beneficiary of record, [Wells Fargo] to [First American]." (Compl. ¶ 153.) The Court has already discussed the legal and factual deficiencies of these allegations related to the assignment and recording of the note in its discussion of Plaintiff's second claim for declaratory relief, *supra* at 6-8. For the same reasons, these wrongful foreclosure claims must also fail.

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss Plaintiff's fourth, ninth, tenth, eleventh, twelfth, fourteenth, and fifteenth claims is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**. Further, Wells Fargo's motion to dismiss Plaintiff's first, second, third, fifth, sixth, seventh, eighth, thirteenth, sixteenth, and seventeenth claims is **GRANTED**, and those claims are **DISMISSED WITHOUT PREJUDICE**. Accordingly, Plaintiff will be afforded the opportunity to amend his Complaint to state any claims dismissed without prejudice, curing all of the deficiencies noted in this Order. If he wishes to do so, Plaintiff must file an amended complaint within 15 days after this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED:  July 16, 2012

*Janis L. Sammartino*
_____
Honorable Janis L. Sammartino
United States District Judge

---

[4] The sixteenth claim is for "Willful and Oppressive Wrongful Foreclosure," and the seventeenth claim is for "Negligent Wrongful Foreclosure." (Compl. 31-32.)