SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
EDWARD D. VOGEL, Cal. Bar No. 110081
evogel@sheppardmullin.com
MARK G. RACKERS, Cal. Bar No. 254242
mrackers@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619-338-6500
Facsimile:    619-234-3815

Attorneys for Defendant
WELLS FARGO BANK, N.A.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOSRO GH-KHOEE,<br><br>              Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, FIRST AMERICAN LOANSTAR SERVICES, LLC, a Texas limited liability company DBA FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; and DOES 1 through 100, inclusive,<br><br>             Defendants. | Case No. 11-cv-1954-JLS-WMC<br><br>**DEFENDANT WELLS FARGO BANK'S EX PARTE MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Assigned to: The Hon. Janis L. Sammartino, Courtroom 6<br><br>Complaint Filed: June 30, 2011 |

# TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby moves the Court for an order dismissing Plaintiff's lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Judgment should also be entered in favor of Wells Fargo. If a hearing is set for this motion, it will be heard in Courtroom 6 before the Honorable Janis L. Sammartino of the above-entitled Court, located at 940 Front Street, San Diego, California 92101.

The Motion to Dismiss is brought on the grounds that, pursuant to the Court's order of July 16, 2012 granting Wells Fargo's Motion to Dismiss (Doc. # 8), Plaintiff Khosro Gh-Khoee ("Plaintiff") failed to file an amended complaint within 15 days – the time authorized by the Court. Accordingly, this lawsuit should be dismissed with prejudice.

The Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, and all pleadings and papers on file in this action, and other such matters and arguments as may be presented to the Court in connection with this Motion.

Dated: August 7, 2012

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

        By     */s/ Mark G. Rackers*
            EDWARD D. VOGEL
            MARK G. RACKERS

        Attorneys for Defendant
        WELLS FARGO BANK, N.A.
        Email: mrackers@sheppardmullin.com

# MEMORANDUM OF POINTS AND AUTHORITIES

On July 16, 2012, the Court entered an Order granting Wells Fargo's Motion to Dismiss Plaintiff's complaint – dismissing Plaintiff's fourth, ninth, tenth, eleventh, twelfth, fourteenth, and fifteenth causes of action with prejudice and Plaintiff's first, second, third, fifth, sixth, seventh, eighth, thirteenth, sixteenth, and seventeenth causes of action without prejudice – pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 8). *See* Exhibit A, attached hereto. Plaintiff was given 15 days, or by July 31, 2012, to amend his complaint. The deadline to amend has passed and Plaintiff has yet to file or serve an amended complaint. Accordingly, there is currently no operative complaint on file in this case.

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. Proc. 41(b). Rule 41(b) requires that federal actions be prosecuted with "reasonable diligence" in order to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court possesses inherent power to dismiss either upon a noticed motion by the defendant or *sua sponte*, without notice or hearing, "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action **with prejudice** because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (emphasis added)).

/ / /

/ / /

/ / /

1     Plaintiff has made no effort to amend his complaint to address the pleading defects
2 identified in the Motion to Dismiss and the Court's order pursuant thereto. Accordingly, Plaintiff
3 has failed to prosecute his claims with the "reasonable diligence" required by Rule 41(b).
4 Wells Fargo respectfully requests that the Court dismiss this case with prejudice pursuant to Rule
5 41(b). Wells Fargo also requests that judgment be entered in its favor.

7 Dated: August 7, 2012

8                                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9                                       By        */s/ Mark G. Rackers*
10                                                  EDWARD D. VOGEL
                                                 MARK G. RACKERS

                                                   Attorneys for Defendant
                                             WELLS FARGO BANK, N.A.
                                     Email: mrackers@sheppardmullin.com